# THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

Krista A. Fresquez,

    Plaintiff,

v.

Commissioner of Social Security,

    Defendant.

Case No. 1:18cv114

Judge Michael R. Barrett

## ORDER

This matter is before the Court on the Magistrate Judge's January 30, 2019 Report and Recommendation ("R&R") recommending that the Commissioner's decision be affirmed and this matter be closed on the docket of the Court. (Doc. 13).

When objections are received to a magistrate judge's R&R on a dispositive matter, the assigned district judge "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." FED. R. CIV. P. 72(b). After that review, "[t]he district judge may accept, reject or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.* Here, proper notice was given to the parties under 28 U.S.C. § 636(b)(1)(C), including notice that the parties would waive further appeal if they failed to file objections to the R&R in a timely manner. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). Plaintiff filed timely objections. (Doc. 14). The Magistrate Judge completed a comprehensive review of the record and the same will not be repeated here except to the extent necessary to address Plaintiff's objections.

Plaintiff argues that the Magistrate Judge erred by finding that the ALJ's failure to discuss Plaintiff's Chronic Fatigue Syndrome ("CFS") was harmless error and by relying on *Maziarz v. Sec'y of Health & Human Servs.*, 847 F.2d 240 (6th Cir. 1987), to make that finding. (Doc. 14). Specifically, Plaintiff asserts that her CFS is a medically determinable impairment, the ALJ failed to classify it as such, and this failure is not harmless error because, "even if the ALJ mentioned the impairment after step two, . . . the impairment was already deemed to have no impact whatsoever on [her] condition" under the pertinent rules and regulations. (*Id.*).

After a de novo review of the filings in this matter, and particularly Plaintiff's Statement of Specific Errors, the R&R, and Plaintiff's objections, the Court agrees with the Magistrate Judge's recommendation. The Magistrate Judge acknowledged that the ALJ did not list Plaintiff's CFS diagnosis as an impairment—either a medically determinable impairment or non-medically determinable impairment—at Step 2. (Doc. 13 at PageID 1220). However, the Magistrate Judge found the ALJ's failure to address Plaintiff's CFS as an impairment at Step 2 to be harmless error because the ALJ "continued the sequential analysis through the determination of [Plaintiff]'s residual functional capacity" and Plaintiff failed to both identify any functional limitations attributable to her CFS that the ALJ failed to consider and to challenge the ALJ's adverse credibility determination. (*Id.* at PageID 1220-21) (relying on *Maziarz*, 847 F.2d at 244).

The Court finds Plaintiff's argument—that "[t]his is an issue that focuses on medically determinable versus non-medically determinable" instead of "an issue that focuses on severe versus non-severe"—raises a distinction without a difference in light of her failure to identify any functional limitations attributable to her CFS that the ALJ failed

to consider and to challenge the ALJ's adverse credibility determination. *Cf. Rouse v. Comm'r of Soc. Sec.*, No. 2:16-CV-223, 2017 WL 1102684, at *2 (S.D. Ohio Mar. 24, 2017) ("Despite it being "better practice [for an] ALJ to say explicitly which impairments are found to be non-severe and which are found not to be medically determinable," [the plaintiff] was nevertheless unable to show how any of the impairments the ALJ did not list as severe negatively affected her functioning or ability to complete the work listed in her RPC.").

Moreover, although Defendant's unopposed Motion for an Extension of Time to file her Memorandum in Opposition to Plaintiff's opening brief remains pending (Doc. 11), Defendant requested an extension up to and including October 12, 2018 and she filed her Response in Opposition on that date (Doc. 12). The Court will grant Defendant's Motion and deem her Response as timely.

Based on the foregoing, the Court hereby **GRANTS** Defendant's Motion an Extension of Time (Doc. 11), **ADOPTS** the Magistrate Judge's January 30, 2019 R&R (Doc. 13), and **AFFIRMS** Defendant's decision. This matter shall be **CLOSED and TERMINATED** from the Court's docket.

**IT IS SO ORDERED.**         _s/ Michael R. Barrett_____
                              Hon. Michael R. Barrett
                              United States District Judge